**KESSLER TOPAZ
MELTZER & CHECK, LLP**
JENNIFER L. JOOST (Bar No. 296164)
  jjoost@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Tel: (415) 400-3000
Fax: (415) 400-3001

-and-

**KESSLER TOPAZ
MELTZER & CHECK, LLP**
PETER A. MUHIC
  pmuhic@ktmc.com
TYLER S. GRADEN
  tgraden@ktmc.com
NATALIE LESSER
  nlesser@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Attorneys for Yvette Gayfield*

FILED
JUN 19 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAUL STOCKINGER, ELIZABETH STOCKINGER, GAILYN KENNEDY, BASUDEB DEY, ELIEZER CASPER, and YVETTE ALLEY on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TOYOTA MOTOR SALES, U.S.A., INC., a California corporation,<br><br>Defendant. | Case No. CV 18 80103 MISC.<br><br>(C.D. Cal. Case No. 2:17-cv-00035)<br><br>**NON-PARTY YVETTE GAYFIELD'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA**<br><br>Date: July ___, 2018<br>Time: 9:00 a.m. |

Non-Party Yvette Gayfield's Notice of Motion and Motion to Quash Subpoena

TO:   ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

**PLEASE TAKE NOTICE** that on July __, 2018 at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom __ of the Honorable _____, Non-party Yvette Gayfield will and hereby does move this Court for an order transferring the Subpoena to Testify at a Deposition directed to Ms. Gayfield propounded by Defendant Toyota Motor Sales, U.S.A. ("Toyota") in connection with the lawsuit, *Stockinger v. Toyota Motor Sales, U.S.A.*, No. 17-cv-00035, to the Central District of California, where the lawsuit is currently pending. In the alternative, Ms. Gayfield respectfully requests this Court quash the Subpoena because Toyota seeks discovery that is not relevant to the parties' claims and defenses, is cumulative of discovery already taken in this actions, and can be obtained through less burdensome means.

Ms. Gayfield's motion is based on this notice, the incorporated memorandum of points and authorities, the accompanying Declaration of Jennifer Joost in Support of Non-Party Yvette Gayfield's Notice of Motion and Motion to Quash Subpoena ("Joost Decl.") and exhibits thereto, and any additional arguments and evidence that the Court may consider at the hearing.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Non-party Yvette Gayfield respectfully requests that the Court transfer the Subpoena to Testify at a Deposition directed to Ms. Gayfield propounded by Toyota Motor Sales, U.S.A. ("Toyota") in connection with the lawsuit, *Stockinger v. Toyota Motor Sales, U.S.A.*, No. 17-cv-00035, to the Central District of California, where the lawsuit is currently pending. In the alternative, Ms. Gayfield respectfully requests this Court quash the Subpoena because Toyota seeks discovery that is not relevant to the parties' claims and defenses, is cumulative of discovery already taken in this action, and can be obtained through less burdensome means.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In January 2017, the plaintiffs in *Stockinger v. Toyota Motor Sales, U.S.A.* ("Plaintiffs") filed a putative class action concerning defectively designed Heating, Ventilation and Air Conditioning systems ("HVAC Systems") installed in multiple Toyota and Lexus model vehicles ("Class Vehicles"). Plaintiffs allege that the defect is common to all Class Vehicles. On July 7, 2017, the court denied, in part, Toyota's motion to dismiss, upholding the majority of Plaintiffs' claims. *Stockinger v. Toyota Motor Sales, U.S.A.*, No. 17-cv-00035, ECF No. 50 (July 7, 2017 C.D. Cal.).

Toyota has already deposed the six named plaintiffs and conducted inspections of their vehicles. Ms. Gayfield is the current owner of the vehicle previously owned by named Plaintiff Gailyn Kennedy and an absent, putative class member. Ms. Gayfield is the mother of a teenage boy whom Plaintiff Kennedy and her husband, Timothy Barabe, have mentored for several years. In or around April 2017, Ms. Kennedy gifted her Lexus ES 350 to Ms. Gayfield, for use by her son as an incentive to improve his grades at school. Because the mentoring relationship continued after title was transferred, as a courtesy, Ms. Gayfield voluntarily allowed Toyota to conduct a day long inspection of the vehicle at her home in Oakland, California and at a nearby Toyota dealership on February 13, 2018. On May 4, 2018, Toyota also deposed Ms. Kennedy in Los Angeles for nearly seven hours, during which time Ms. Kennedy testified about her experience with the Lexus and the gifting of the Lexus to Ms. Gayfield.

On May 28, 2018, Toyota served Ms. Gayfield with a subpoena to testify. Ms. Gayfield served Toyota with objections to the subpoena on June 8, 2018. Ms. Gayfield's counsel subsequently conferred with Toyota's counsel in an attempt to reach and mutually agreeable method for obtaining the information sought by Toyota, such as through depositions by written questions or limiting the time for the depositions to a couple hours. However, Toyota declined to agree to anything other than full depositions for each subpoenaed party. Because Toyota's subpoena is unnecessary, duplicative, cumulative and harassing, Ms. Gayfield now moves to quash.

### III. ARGUMENT

#### A. Legal Standard

"The Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts." *Lemberg Law LLC v. Hussin*, No. 16-mc-80066, 2016 WL 3231300, at *5 (N.D. Cal. June 13, 2016) (quotation omitted).

The scope of a subpoena is subject to the limitations of both Rules 26 and 45. Rule 45 protects a subpoenaed party from "undue burden" and Rule 26 provides that the court must limit discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or if "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." FED. R. CIV. P. 26(b)(2)(C). *See also Petka v. Mylan Pharm., Inc.*, No. 16-mc-80196, 2016 WL 6947589, at *3 (N.D. Cal. Nov. 28, 2016) (A court must "limit the discovery sought if it is unreasonably duplicative, if it can be obtained from a source that is more convenient or less burdensome, or if the burden of producing it outweighs its likely benefit.") (quotation omitted). Further, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." FED. R. CIV. P. 45(d)(1).

When the court where compliance is required did not issue the subpoena, it may transfer the motion to quash to the issuing court if the party subject to the subpoena consents. FED. R. CIV. P. 45(f).

### B. Transfer Of This Motion To The Central District Of California Is Warranted

Pursuant to FED. R. CIV. P. 45(f), Ms. Gayfield asks that this Motion be transferred to the Central District of California. The Court where compliance is required may transfer a motion (1) "if the person subject to the subpoena consents" or (2) if there are "exceptional circumstances." *Id.*

Here, the subject of the subpoena, Ms. Gayfield is requesting the transfer of the motion. Accordingly, this Court should transfer this motion to the Central District of California, where the underlying action is pending. *See* FED. R. CIV. P. 45(f) advisory comm.'s note to 2013 amendment (explaining that the Rule's "prime concern" is "avoiding burdens on local nonparties subject to the subpoenas"). *See Youtoo Techs., LLC v. Twitter, Inc.*, No. 17-mc-80006, 2017 WL 431751, at *2 (N.D. Cal. Feb. 1, 2017) (granting transfer where the non-party "is the 'person subject to the subpoena' and not only does it consent to the transfer, it actually requests it."). *See also San Juan Cable LLC v. DISH Network LLC*, No. 14-mc-00261, 2015 WL 500631, at *1 (D. Colo. Jan. 23, 2015) (granting transfer where the non-party "not only consented but has affirmatively requested transfer. Thus, the Court need not consider whether the case presents 'exceptional circumstances.' It is enough to note that the requested transfer does not appear to be frivolous or made in bad faith.").

In fact, two other non-parties subpoenaed by Toyota are contesting their subpoenas and requesting that the motions all be transferred to the Central District of California. Transfer here is further warranted because the Motion presents issues regarding the scope of relevant discovery in the entire case that are likely to arise throughout the litigation and may impact matters already ruled on, or to be ruled on, by the court where the matter is pending. Indeed, related issues have previously been considered by the court in the *Stockinger* action and will likely inform decisions regarding the Subpoena.

For these reasons, transfer is appropriate.

### C. The Subpoena Should Be Quashed Because It Is Unduly Burdensome

In the event the Court does not transfer this Motion to the Central District of California, Ms. Gayfield asks the Court to quash the subpoena because it is unduly burdensome and the information sought by Toyota is available through less burdensome means. Ms. Gayfield is a non-party. The fact

---
Non-Party Yvette Gayfield's Notice of Motion and Motion to Quash Subpoena

3

that Ms. Gayfield now owns a named plaintiff's former vehicle does not transform her into a percipient fact witness with relevant information. Toyota's serving of the Subpoena upon Ms. Gayfield is harassing, as well as unreasonably cumulative and duplicative of the testimony already obtained from Ms. Kennedy.

Toyota has failed to explain how Ms. Gayfield's experience with her vehicle is relevant at this stage of the proceedings other than a conclusory statement that it is. The *Stockinger* action involves hundreds of thousands of vehicles that contain a uniform defect. Toyota has already inspected Ms. Kennedy's former vehicle and has deposed Ms. Kennedy. Whether or not Class Vehicles contain a design defect will be shown or disproven through experts and discovery obtained from Toyota and its affiliates, not through subsequent owners' experiences in one of hundreds of thousands of class vehicles.

"The compulsion of [ ] irrelevant information is an inherently undue burden." *See Jimenez v. City of Chicago*, 733 F. Supp. 2d 1268, 1273 (W.D. Wash. 2010) (citing *Compaq Computer Corp. v. Packard Bell Elecs.*, 163 F.R.D. 329, 335-36 (N.D. Cal. 1995)) (granting a motion to quash where "Defendant's argument that [subpoenaed party] has inculpatory evidence is unsupported and speculative."). The Court must consider whether Ms. Gayfield, as a third party, possesses "material and unique relevant information such that [Toyota's need] for [Ms. Gayfield's] testimony outweighs the burden on [Ms. Gayfield] as a non-party in complying with the subpoena." *See Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 411 (C.D. Cal. 2014) (granting a motion to quash and finding the low value of third party testimony outweighed the burden of a deposition). She does not possess relevant information and her burden is great.

As an initial matter, requiring a non-party to sit for a deposition is, in and of itself, burdensome. *See Amini Innovation Corp.*, 300 F.R.D. at 412 ("Preparing and sitting for a deposition is always a burden, even when documents are not required, particularly for a non-party."). Further, Ms. Gayfield has no relevant knowledge. Her only genuine connection to this case is as a potential putative class member. As a general rule, discovery from absent class members is not permitted. *See Burgess v. Tesoro Ref. & Mtkg. Co.*, No. 10-cv-5870, 2011 WL 13217362, at *2 (C.D. Cal. July 5,

Non-Party Yvette Gayfield's Notice of Motion and Motion to Quash Subpoena

4

2011). Toyota cannot meet its "heavy burden of showing necessity for the deposition and the absence of any motive to take undue advantage of class members." *Id.* Indeed, the only apparent motive for seeking Ms. Gayfiled's testimony is harassment.

Further, as alleged in the First Amended Complaint ("FAC"), Plaintiffs allege that all Class Vehicles contain a defective HVAC System which fails to adequately remove water from the evaporator, and surrounding enclosures, which in turn aggravates the tendency of the HVAC Systems to generate mold and foul and noxious odors. *Stockinger*, ECF No. 34, at ¶¶ 39-41. Whether or not Class Vehicles contain such a design defect is in no way dependent on Ms. Gayfield's testimony; rather, the design defect will be shown or disproven through experts and discovery obtained from Toyota and its affiliates.

Indeed, internal Toyota documents demonstrate that Toyota was fully aware that the HVAC Systems in certain Toyota vehicles were defectively designed. For example, in September 2015, Toyota's Corporate Manager for Pricing & Cross Carline Planning, Shayne Carter, expressed frustration that Toyota was not repairing the defective HVAC Systems, but instead charging customers, asking: "If we acknowledge that the AC smells and there is a way to make it go away how is that not an Engineering issue. Is that considered a 'nice to have' item, enhancement to the system. I see it as a basic requirement of the system." Ex. A (Email from Carter to Leighton, Sept. 9, 2015).[1] However, rather than fixing the problem, in part as an attempt to avoid Lemon Law liability, Toyota and its exclusive network of distributors told customers that "the condition was normal." Ex. B (Email from Hitt to Bergen, Sept. 19, 2012). Thus, Ms. Gayfield's personal experience with the vehicle is irrelevant. Plaintiffs allege that Toyota knew that the HVAC Systems in Class Vehicles were defectively designed, the facts of which are beyond Ms. Gayfield's personal knowledge.

Toyota claims Ms. Gayfield's testimony is relevant because she has knowledge of a recent accident and repairs to the subject vehicle. However, the current condition of the vehicle is of no consequence. Plaintiff Kennedy's claims only exist for the period of time in which she owned the vehicle. Plaintiff Kennedy transferred title of her vehicle to Ms. Gayfield in or around April 2017.

---

[1] All exhibits referenced herein are exhibits to the Declaration of Tyler S. Graden, attached as Exhibit 1 to the Declaration of Jennifer L. Joost file herewith.

At that point in time, Plaintiff Kennedy's claims ended. Accordingly, Plaintiff Kennedy's damages are limited to the period of time in which she owned the vehicle. Anything that subsequently happened to the vehicle, including the recent accident, have no impact on Plaintiff Kennedy's claims or damages. The current condition of the vehicle certainly has no bearing on Plaintiff Kennedy's suitability as a class representative. In any event, Toyota has already conducted a day-long inspection of the vehicle and deposed Ms. Kennedy for nearly seven hours.

Toyota has not shown the need for the proposed discovery or that it "would differ in any substantial way from that which could be obtained from the named plaintiff or by other means." *See Taylor v. Shippers Trans. Express, Inc.*, No. 13-cv-2092, 2014 WL 12561080, at *3 (C.D. Cal. Apr. 30, 2014) (denying a motion to compel deposition of a putative class members where defendant could not demonstrate a need for the testimony). *See also Pers. Audio LLC v. Togi Entm't, Inc.*, No. 14-MC-80025 RS (NC), 2014 WL 1318921, at *3 (N.D. Cal. Mar. 31, 2014) ("There is no reason to burden non-party [ ] when the information sought should be in the possession of the party"). At Ms. Kennedy's deposition, counsel for Toyota asked only limited questions about Ms. Gayfield and the transfer of Plaintiff Kennedy's vehicle to Ms. Gayfield. Yet, Ms. Kennedy testified extensively and in detail about the decision to gift her vehicle and transfer its title to Ms. Gayfield. Ex. C. (Kennedy Dep.) at 12:21-24:1. While Plaintiff Kennedy may have been unable to answer questions about the other vehicle Ms. Gayfield owns (Ex. C (Kennedy Dep.) at 24:2-12), there is no argument that such questions are relevant to the claims and defenses at issue in this case. Otherwise, Toyota raised no issues at Ms. Kennedy's deposition that would be better answered by Ms. Gayfield.

During the meet-and-confer prior to filing this Motion, Toyota argued that *Withers v. eHarmony, Inc.*, 267 F.R.D. 316 (C.D. Cal. 2010) supports Toyota's position that Ms. Gayfield's testimony is relevant to Ms. Kennedy's claims. Toyota's reliance is misplaced. In *Withers*, the third party was the named plaintiff's boyfriend with knowledge of the plaintiff's experience with a dating service, which was the subject of the litigation. The *Withers* court found that the third party "is a key percipient witness with personal knowledge of plaintiff's experience with eHarmony; thus he is more than an absent or putative class member." *Withers v. eHarmony, Inc.*, 267 F.R.D. 316, 321 (C.D.

Non-Party Yvette Gayfield's Notice of Motion and Motion to Quash Subpoena

6

Cal. 2010). In contrast here, Ms. Gayfield is merely the subsequent owner of a vehicle, with no more relevant information than any subsequent owner of any Class Vehicle. Here, Ms. Gayfield is *not* a percipient fact witness; she is simply a putative class member, and it is improper for Toyota to seek to take her deposition.

Toyota has also failed to demonstrate that no other means exist to obtain the information sought. *Dibel v. Jenny Craig, Inc.*, No. 06-2533, 2007 WL 2220987, at *2 (S.D. Cal. Aug. 1, 2007). *See also Pers. Audio LLC v. Togi Entm't, Inc.*, No. 14-mc-80025, 2014 WL 1318921, at *3 (N.D. Cal. Mar. 31, 2014) ("There is no reason to burden non-party [ ] when the information sought should be in the possession of the party"). To the extent Toyota asserts that the transfer of the vehicle's title is relevant, that information can be obtained through other means, including written discovery requests or even deposition by written questions. An oral deposition is an unnecessary and unduly burdensome method for obtaining this information. Indeed, despite that fact that Toyota has not sought any discovery directly from Ms. Gayfield, Ms. Kennedy has produced documents on her behalf.

In sum, the Subpoena is unduly burdensome because it blatantly seeks from Ms. Gayfield information that is irrelevant and can be obtained from other sources.

## IV. CONCLUSION

For the foregoing reasons, Ms. Gayfield respectfully requests that the Court grant her request to transfer this Motion to the Central District of California. In the alternative, Ms. Gayfield respectfully requests that this Court enter an order quashing the Subpoena.

DATED: June 19, 2018

Respectfully submitted,

**KESSLER TOPAZ
MELTZER & CHECK, LLP**

_____
JENNIFER L. JOOST
jjoost@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

- and –

Non-Party Yvette Gayfield's Notice of Motion and Motion to Quash Subpoena

7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

          **KESSLER TOPAZ**
             **MELTZER & CHECK, LLP**
Peter A. Muhic
   pmuhic@ktmc.com
Tyler S. Graden
   tgraden@ktmc.com
Natalie Lesser
   nlesser@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Tel.:   (610) 667-7706

KIESEL LAW LLP
Paul R. Kiesel, State Bar No. 119854
   kiesel@kiesel.law
Helen E. Zukin, State Bar No. 117933
   zukin@kiesel.law
Jeffrey A. Koncius, State Bar No. 189803
   koncius@kiesel.law
Nicole Ramirez, State Bar No. 279017
   ramirez@kiesel.law
8648 Wilshire Boulevard
Beverly Hills, CA 90211-2910
Tel:   310-854-4444

*Attorneys for Yvette Gayfield*

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2018, I served a true and correct copy of **NON-PARTY YVETTE GAYFIELD'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA** upon the following counsel by email:

**MORGAN, LEWIS & BOCKIUS LLP**
David L. Schrader
david.schrader@morganlewis.com
Esther K. Ro
esther.ro@morganlewis.com
Jahmy S. Graham
jahmy.graham@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132

*Attorneys for Defendant Toyota Motor Sales, U.S.A., Inc.*

_____
JENNIFER L. JOOST