**KESSLER TOPAZ**
  **MELTZER & CHECK, LLP**
Peter A. Muhic
  pmuhic@ktmc.com
Tyler S. Graden
  tgraden@ktmc.com
Natalie Lesser
  nlesser@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Counsel for Yvette Gayfield*

*(Additional Attorneys Listed on Signature Page)*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAUL STOCKINGER, ELIZABETH STOCKINGER, GAILYN KENNEDY, BASUDEB DEY, ELIEZER CASPER, and YVETTE ALLEY on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>    v.<br><br>TOYOTA MOTOR SALES, U.S.A., INC., a California corporation,<br><br>            Defendant. | Case No. 2:18-mc-00088-VAP-KS<br><br>**NON-PARTY YVETTE GAYFIELD'S REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENA**<br><br>Date: August 8, 2018<br>Time: 11:00 a.m.<br>Place: Courtroom 580<br>Judge: Hon. Karen L. Stevenson<br>         (Magistrate)<br>Complaint Filed: January 3, 2017<br>FAC Filed: March 24, 2017 |

Non-party Yvette Gayfield submits this reply in support of her Motion to Quash Subpoena for Oral Testimony ("Motion" or "Mot.") served in *Stockinger v. Toyota Motor Sales, U.S.A., Inc.*, 17-cv-00035 (C.D. Cal.) and respectfully requests that the Court grant her Motion to Quash.

## I. INTRODUCTION

The *Stockinger* litigation involves defective Heating, Ventilation and Air Conditioning systems ("HVAC Systems") present in all model year 2007-2014 Lexus ES 350, and other Class Vehicles, sold before and after named Plaintiff Gailyn Kennedy, owned her 2007 Lexus ES and subsequently gifted it to non-party Yvette Gayfield. As alleged in the Amended Complaint ("Am. Compl."), the defective HVAC System "fails to adequately remove water from the evaporator and surrounding enclosures" and in turn creates an environment that promotes mold and other microbial growth. Am. Compl. ¶ 39. Toyota has long been aware of voluminous customer complaints about noxious and foul odors being emitted from the HVAC systems in the Class Vehicles. *Id.* at ¶ 56. The *Stockinger* Plaintiffs allege that Toyota has known about this defect since at least 1997, but continued to represent that its vehicles were of standard quality in order to increase profits by selling additional Class Vehicles. *Id.* at ¶¶ 8, 49-67.

The *Stockinger* Plaintiffs do not seek damages for personal injuries that may have resulted from mold exposure, nor do they seek to assign a dollar value based on the particular level of discomfort experienced by an owner; rather, they seek to make the Class whole by, *inter alia*, requiring Toyota to compensate the Class for the difference in value between a vehicle with a defective HVAC System and a vehicle without a defective HVAC System, and/or other compensable damages to the Class. Ms. Gayfield is not a named plaintiff. She is simply someone who has driven a Class Vehicle. Notably, Toyota already deposed Ms. Kennedy, the named Plaintiff and former owner of Ms. Gayfield's vehicle, over the course of more than eight (8) hours.

1

Ms. Gayfield's testimony will be redundant of her husband's; she has nothing novel to add that is relevant to either the claims of Plaintiffs or the defenses of Toyota.

Toyota's argument that the May 4, 2018 deposition of named Plaintiff Gailyn Kennedy revealed Ms. Gayfield to be in possession of "unique and relevant knowledge" is without merit. Of most importance, Ms. Gayfield is a putative Class Member. The fact that she now owns a named plaintiff's former vehicle does not transform her into a percipient witness with "unique and relevant knowledge." Further, setting aside the fact that it is neither unique nor relevant evidence, Toyota's assertion that Ms. Gayfield "drove" the vehicle she received from Ms. Kennedy for ten months is completely unsupported by any evidence. *See* Declaration of Tyler S. Graden ("Graden Decl.") at Ex. A (Deposition of Gailyn Kennedy) at 13:2-15:10 (testifying that Ms. Gayfield received title to the vehicle to be driven by her son). Toyota also seeks Ms. Gayfield's testimony regarding repairs to the car ***conducted after Toyota's examination*** following a car accident that the *Stockinger* Plaintiffs do not contend has anything to do with the subject matter of this litigation. Finally, Ms. Gayfield's testimony about the maintenance and repair of the car is otherwise already documented by files produced in discovery.

Simply put, any information Toyota seeks by deposing non-party Ms. Gayfield is either irrelevant or duplicative of other testimony and evidence. Ms. Gayfield was not listed in Plaintiffs' initial disclosures as someone with relevant knowledge, and Plaintiffs do not intend to call her at trial. Deposing an absent class member to gather irrelevant or duplicative information is unduly burdensome for the witness, wholly improper and harassing. Therefore, Ms. Gayfield asks the Court to quash the subpoena.

## II. ARGUMENT

### A. Toyota Seeks Irrelevant and/or Duplicative Information

Toyota seeks testimony from Ms. Gayfield that is either redundant or wholly irrelevant to this action, and therefore harassing. In doing so, Toyota feigns ignorance

as to the heart of this case by fundamentally misconstruing Plaintiffs' claims in the underlying litigation. Ms. Gayfield's individual experience driving a Class Vehicle is not "unique and relevant information." Plaintiffs' claims do not hinge on individualized experiences—including the presence of or degree of odor or mold in their vehicles, or maintenance history of vehicles—but instead are focused on the presence of a defective HVAC System which "fails to adequately remove water from the evaporator and surrounding enclosures" and creates environments prone to noxious odors, mold and/or other contaminants. Plaintiffs seek to recover damages due to, *inter alia*, the difference in value of vehicles with defective HVAC Systems compared to the value of those vehicles with non-defective HVAC Systems. The claims do not rise or fall on the testimony of a non-party driver of a vehicle, but rather will largely be based on expert testimony and/or Toyota's knowledge, documents, information, and personnel.

Toyota also seeks the deposition of Ms. Gayfield to gather information about her receipt of the vehicle as a gift, and the operation, maintenance, and repair of the vehicle following Toyota's inspection. Evidence about each of these items has already been proffered by named Plaintiff Gailyn Kennedy in her all day deposition, as well as by documents produced and referenced by Toyota in its Opposition Brief. *See* Ro Declaration, Exhibit C. Thus, the subpoena is simply harassment. Ms. Gayfield can only duplicate Ms. Kennedy's testimony or refer Toyota to documents already provided in discovery. Toyota is simply seeking irrelevant information regarding Ms. Gayfield's experience with HVAC odor when the actual crux of the litigation is about the presence of a defective HVAC System which exposes Class Members to mold and/or other contaminants, the facts and putative value of which turn on expert analysis.

Ms. Kennedy has already testified as to the nature of the gift she made of the subject vehicle. She testified that the car was a gift (Graden Decl., Ex. A at 19:20-

20:3), that the gift was a reward to Ms. Gayfield's son for improving his grades (*id.* at 13:3-7), and that Ms. Gayfield's son is the intended driver of the car (*id.* at 22:3-25). Any testimony from Ms. Gayfield would simply echo this information.

Similarly, Ms. Gayfield can only parrot the information regarding the repairs to the vehicle following the April 2018 car accident that can be found in documents. She is not a mechanic nor car expert and would not be able to say what repairs were done to her vehicle with any greater precision than the documentation concerning the accident and repairs. Moreover, Toyota's concern with the replacement of the original condenser with a non-OEM condenser is irrelevant since Toyota already inspected the vehicle on February 13, 2018, when the original condenser was still in place. Indeed, Toyota conducted a full day inspection of the vehicle with multiple experts attending, including industrial hygienists. Further, any subsequent changes to the vehicle have no impact on Plaintiff Kennedy's claims or damages. Toyota currently possesses far greater knowledge about the defective HVAC System in the subject vehicle than Ms. Gayfield.

Finally, Toyota's reliance on *Withers v. eHarmony, Inc.*, 267 F.R.D 316, 322 (C.D. Cal. 2010) and *Rojas v. Marko Zaminovich, Inc.*, No. 09-cv-705, 2011 WL 2636071, at *4 (E.D. Cal. July 5, 2011) is completely misplaced. In *Withers,* a woman sued eHarmony, Inc. for the misuse of her personal data in, among other things, presenting her as a match to others when one or more of the people were not actually available or even current users of the service. *Withers*, 267 F.R.D. at 318. The court ruled that her boyfriend, whom she had met through the service, was a "key percipient witness with personal knowledge" because he had first-hand knowledge about the named plaintiff's use, participation and satisfaction with the site. *Id*. at 321. That is not the case with Ms. Gayfield, who simply received a gift from Ms. Kennedy, which was intended to be used by her son. Rather, Ms. Gayfield is merely a putative Class

Member with no more relevant information than any other subsequent owner of a Class Vehicle.

Similarly, the court found in *Rojas* that non-party absent class members could be deposed where they "have 'injected' themselves into the litigation" by submitting declarations in support of a class certification motion. *Rojas*, 2011 WL 2636071, at *4 (quoting *Antoninetti v. Chipotle, Inc.*, No. 06-cv-2671, 2011 WL 2003292, at *4 (S.D. Cal. May 23, 2011)). Unlike the declarants in *Rojas*, Ms. Gayfield has not "injected" herself into this litigation, but rather permissively allowed Toyota examine the vehicle and provided documentation regarding the maintenance and repair of the vehicle. Requiring her to sit for a deposition would place an undue burden on Ms. Gayfield, an absent Class Member who accepted a gift from a named plaintiff. *See McPhail v. First Command Fin. Planning*, 251 F.R.D. 514, 517 (S.D. Cal. 2008).

### B. Ms. Gayfield Demonstrated Undue Burden in Sitting For an Irrelevant and Duplicative Deposition

A non-party's deposition is presumptively burdensome. *See Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 412 (C.D. Cal. 2014). A deposition which will only produce duplicative or irrelevant information is also an undue burden. *See Jimenez v. City of Chicago*, 733 F. Supp. 2d 1268, 1273 (W.D. Wash. 2010) (citing *Compaq Computer Corp. v. Packard Bell Elecs.*, 163 F.R.D. 329, 335-36 (N.D. Cal. 1995). Further, defendants are not permitted to take discovery of absent class members without a strong showing that discovery is necessary and seeks information that is not already known by defendant. *See Taylor v. Shippers Transp. Express, Inc.*, No. 13-cv-2092, 2014 WL 12561080, at *2-3 (C.D. Cal. Apr. 30, 2014); *McPhail*, 251 F.R.D. at 517. Despite Toyota's attempts to distinguish these cases, these are basic principles of the rules of discovery. Toyota has failed to overcome the presumption that deposing non-party Ms. Gayfield is an undue burden.

In *McPhail*, the court refused to allow even interrogatories to be taken of absent class members. 251 F.R.D. at 517. Likewise, in *Taylor*, the court refused to allow a deposition of an absent class member, citing in part that defendants had not made a showing that the information they sought was not available from other sources, or that burden on the absent class member would be minimal. 2014 WL 12561080, at *3. As in *McPhail* and *Taylor*, Toyota has not made a showing that the information sought is even relevant, much less not available from other sources nor burdensome to Ms. Gayfield. Indeed, in cases where an absent class member was permitted to be subject to discovery requests or deposed, the class members had actively inserted themselves into the litigation, either by providing declarations in support of plaintiffs' motions or been identified as witnesses who would be providing testimony on plaintiffs' behalf. *See, e.g.*, *Antonietti*, 2011 WL 2003292, at *3 (putative class members who submitted declarations in support of motion for class certification and were identified as witnesses in plaintiff's initial disclosures could be deposed); *Mas v. Cumulus Media Inc.*, No. 10-cv-1396, 2010 WL 4916402, at * 3 (N.D. Cal. Nov. 22, 2010) (absent class members who were already willing to offer testimony in support of plaintiff's case could be deposed). Ms. Gayfield's permissive willingness for Toyota to inspect her vehicle and to see the maintenance and repair documents, despite not being a named plaintiff, should not be confused with her willing injection into the litigation.

### C. Less Invasive Discovery Is Most Appropriate for an Absent Class Member If Toyota Can Demonstrate Necessity

As an absent Class Member, Ms. Gayfield has no requirement to provide discovery at all, but despite that, has cooperated in providing access to the vehicle for inspection and provided documents related to the maintenance and repair of the vehicle. Despite the above, if the Court were to find that Toyota has met its burden to prove (rather than simply speculate) that Ms. Gayfield has relevant information not already available by other means, the information can best be provided by the

production of documents or deposition by limited written questions, rather than by forcing Ms. Gayfield to appear for a deposition.

Unlike the executive in *In re Tylenol (Acetaminophen) Mktg., Sales Pracs. & Prod. Liab. Litig.*, No. 13-md-2436, 2014 WL 3035791, at *4 (E.D. Pa. July 1, 2014) who had over a decade worth of experience leading the marketing and branding practices for Tylenol, Ms. Gayfield has been the owner of a gifted vehicle for a year and who has already made that vehicle available for inspection. Unlike in *Klay v. Santa Cruz Cty. Sheriff's Office*, No. 14-cv-326, 2015 WL 3879729, at * 2 (N.D. Cal. June 22, 2015), which involved depositions of the plaintiff's current supervisors in an employment-related action, Ms. Gayfield does not have unique information relevant to Ms. Gayfield's allegations. Information regarding the use, operation, maintenance and repair of the vehicle has already been provided by Ms. Kennedy's deposition and production of documents. At best, Ms. Gayfield would simply reiterate information and testimony already obtained by Toyota.

### III.   CONCLUSION

For the foregoing reasons, Ms. Gayfield respectfully requests that the Court enter an order quashing the Subpoena.

DATED: July 25, 2018                              Respectfully submitted,

**KESSLER TOPAZ
   MELTZER & CHECK, LLP**

*/s/ Tyler S. Graden*
Peter A. Muhic (*Pro Hac Vice*)
   pmuhic@ktmc.com
Tyler S. Graden (*Pro Hac Vice*)
   tgraden@ktmc.com
Natalie Lesser (*Pro Hac Vice*)
   nlesser@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Tel.:   (610) 667-7706

7

KIESEL LAW LLP
Paul R. Kiesel
State Bar No. 119854
  kiesel@kiesel.law
Helen E. Zukin
State Bar No. 117933
  zukin@kiesel.law
Jeffrey A. Koncius
State Bar No. 189803
  koncius@kiesel.law
Nicole Ramirez
State Bar No. 279017
  ramirez@kiesel.law
8648 Wilshire Boulevard
Beverly Hills, CA 90211-2910
Tel:   310-854-4444

*Attorneys for Yvette Gayfield*